ROXANNA SMITH *vs.* JOEL GARDNER.

Where S., previous to his marriage, mortgaged certain property to secure the payment of the purchase money, a portion of the mortgage money being, by the condition of the mortgage, agreed to be paid to extinguish a prior mortgage on the premises; and upon a foreclosure of the first mortgage, in chancery, the premises were sold by a master, and conveyed to a purchaser from whom the defendant derived title thereto; *Held* that the circumstance that the wife of S. was not made a party to the foreclosure suit was not sufficient to enable her to maintain ejectment for her dower; her remedy, if any, being by an action to redeem.

While a mortgage is, in equity, a mere lien, it is still such a lien that on a foreclosure it ripens into a title, extinguishing that of the mortgagor. And this not only in favor of the mortgagee, but also of the purchaser at the foreclosure sale, and of all persons afterwards claiming under him.

If the mortgagee enters under a foreclosure, or after forfeiture of the estate, and by virtue of his rights as mortgagee, the right of dower of the mortgagor's wife must yield to the mortgagee's superior title; for, as against the title under the mortgage, the widow has no right of dower, and the equity of redemption is entirely subordinate to that title.

If the mortgagee enters under a foreclosure, he is in under his mortgage.

The interest remaining in the mortgagor is an equity, which the foreclosure cuts off; leaving the title conveyed by the mortgage, absolute.

APPEAL from a judgment of nonsuit. The action was ejectment, brought by the plaintiff to recover her dower in certain lands of which her husband, Sheldon R. Smith, was seised during coverture. He purchased the premises on the 1st of April, 1836, of one Henshaw, and took a conveyance thereof, subject to a prior mortgage, given by Henshaw for the purchase money, giving back a mortgage to Henshaw,

Smith *v.* Gardner.

to secure the purchase money, and stipulating to pay, as a part of such purchase money, the amount due upon the prior mortgage. Afterwards, and on the 13th day of October, 1836, Sheldon R. Smith was married to the plaintiff, who, with her husband, went to reside on the premises. They both resided on and occupied the same for about three years. During that period, the first mortgage remaining unpaid, the holder thereof filed a bill in chancery, to foreclose the same; making Sheldon R. Smith a party, *but not his wife.* A decree of foreclosure was obtained, and the premises were sold under the same, by a master, and conveyed to the purchaser. The report of sale having been confirmed, Smith and his wife left the premises, and Smith died in 1861. The defendant acquired his title to the premises under such foreclosure, and was in possession.

The justice before whom the cause was tried, at the circuit, held that the action could not be maintained, by the plaintiff, and directed a nonsuit to be entered.

*T. Hastings,* for the appellant. I. Under the laws of this state there is, there can be, no such thing as an " equity of redemption," in mortgage cases, except where the mortgagee is in possession under the mortgage without fore-closure. 1. The term *" equity of redemption"* is a mere creature of the English courts of equity, arising from the English law of mortgages; and it is utterly inconsistent with, and wholly repugnant to, our laws on that subject. 2. By the English law, the mortgage passed to the mortgagee a conditional title, liable to become absolute as a legal estate in the mortgagee, on the non-performance of the *defeasance clause.* No foreclosure or sale was necessary, or possible. (2 *Bouv. Law Dic. title Mortgage, p.* 189. 1 *Watts,* 140. 2 *Bl. Com.* 158.) 3. The "equity of redemption" known by the English chancery was an equitable right to redeem a *forfeited estate,* that is, an estate of which the mortgagor was absolutely *divested, by forfeiture,* and which had become vested in the

mortgagee by a legal and absolute ownership. Under certain circumstances, courts of equity would direct a reconveyance, but not a cancellation of the mortgage. (1 *Bouv. Law Dic.* 473, *title Equity of Redemption.*) The remedy, in all such cases, was by reconveyance, and not by an extinguishment of the mortgagee's estate. Hence the redemptioner held as purchaser only, of the mortgagee's title, which had become a legal seisin. (2 *Chancery Cas.* 22. 1 *Vern.* 33, 190. *John. Chan.* 30, *before the revised statutes.*) 4. Under such a system, a widow might redeem, because her husband, having parted with his *seisin* by the mortgage, there was nothing of which she could be endowed, *but an equity*, whether of redemption or otherwise. The husband had nothing else with which he could endow her. (1 *Bouv.* 473, *and the authorities there cited.* 2 *Blk. Com.* 158, 159.) Such was also the law of this state prior to the adoption of the revised statutes ; except as previously modified by the prior system of foreclosure. Notwithstanding these provisions, ejectment might, at any time after forfeiture, be brought upon the ground that the mortgagee held the *legal seisin*, as a base fee, become absolute. The mortgagor's interest, then, was only a right of defeasance before forfeiture, and after forfeiture a mere equity of redemption under the rules of the English chancery. (*See next head.*) 5. But the revised statutes, by limiting the rights of mortgagees, by prohibiting ejectments, by compelling foreclosure and sale, by compelling the payment back of any surplus, by making the mortgagee in possession a mere trustee of the rents and profits, have, in effect, entirely subverted and changed the English theory. So that the *seisin* under our present law is not affected by the mortgage, and remains in the mortgagor until after forclosure and sale and title effected under it. (2 *Paige*, 586, 68 ; 5 *Wend.* 603. 2 *Barb. Ch.* 119. 1 *Smith*, 9. 1 *Barb. S. C. R.* 399.) As to former rules, see 11 *John.* 534 ; 6 *id.* 290 ; 15 *id.* 319 ; 7 *id.* 376 ; 5 *John. Ch.* 570. 6. The very elementary idea of a "*redemption*" involves the proposition for which we

Smith *v.* Gardner.

contend; that is, it means to get back something which had passed out of our hands which ought to be reconveyed. It is derived from the Latin word "*ems*" with the prefix "*re*," or in English "*red*," meaning to purchase back or to repurchase. (*See Webster's Dic.*) 7. Under our system, a mortgage is a mere power in trust, coupled with an interest, and therefore irrevocable to dispose of the estate; and until that power is *executed*, the estate remains in the hands of the grantor of the power, subject only to the execution of the power; and this power can only be executed in pursuance of the law of foreclosure. 8. The idea that Mrs. Smith, in this case, was entitled to an *inchoate* right of dower attached only to a *right of redemption*, is simply absurd. At the time of her marriage, her husband's right in the premises was first, a fee, then a right to *extinguish the power*, and *not a right of redemption*. He held the fee, and not a mere equity. (4 *Kent*, 161; 1 *Caines' Cas. in Er.* 47; 6 *John.* 290; *all before the revised statutes.*)

II. It conclusively follows, that as the husband of the plaintiff, at the time of the marriage, was seised in fee of the premises, that being an " estate of inheritance," the wife's inchoate right of dower instantly attaches to the freehold. (3 *R. S. 5th ed.* 31, § 1. 7 *Kent's Com.* 50. 8 *Barb.* 618. 20 *N. Y. Rep.* 412.) 1. This section provides that a " widow shall be endowed of the third part of all lands whereof her husband was seised, of an ' *estate of inheritance* ' at any time during the marriage." (4 *Kent's Com.* 50. 8 *Barb.* 618.) 2. Unless, therefore, there is some other limitation of this right, Mrs. Smith's inchoate right of dower attached to the *seisin* of her husband at the time of the marriage. Of this there can be no possible doubt. 3. The only possible limitation of this right, if found at all, must be found in section 4 of the same title. Section 5 relates only to purchase money mortgages. But both provisions are analogous. 4. Section 4 provides first, that the widow shall be entitled to dower against " every person except the mortgagee and those claim-

ing under him." 5. Who is a mortgagee? Not the man who has bought in the premises under the " power of sale." He holds as purchaser of, and under the mortgagor whose interests are conveyed to him only by force of the power. He cannot sustain the character of mortgagee after the execution of the power; and if he perfect title in himself by foreclosure, he does not hold under the mortgage, but under a grant from the mortgagor, by virtue of the power; and not in any other capacity. 6. What is it to "*claim* under the mortgage?" He holds *no title, no seisin;* it cannot, therefore, mean to derive title through him as its source. After foreclosure and sale, he becomes the purchaser; and ceases to be, or rather drops the character of, mortgagee. It simply means a claim to the mortgage itself while in *esse,* as a mortgage unpaid and in full force as a power. 7. The simple and plain meaning of section 4, therefore, is, that the dower right shall *not override the power*. Section 6, in regard to the widow's right in the surplus, fully confirms this view. 8. While the mortgage existed she could not defeat the debt. But if the debt was paid, the mortgage is no longer in her way. Her inchoate right of dower was a lien upon the fee, as much as a judgment would have been. She had a right to protect her lien by paying off, or buying in the mortgage. (*Denton* v. *Nanny,* 8 *Barb.* 618. 1 *Story's Eq.* § 629, *and ante, note* 1.)

III. The dower right of Mrs. Smith has not been extinguished by the foreclosure; she therefore has *a legal seisin* in *dower*. 1. She was a necessary party to the foreclosure. This was, it is true, a mortgage given prior to the marriage; but the wife's right to be made a party stands on the same principle as if it were a purchase money mortgage. The provisions of sections 4 and 5 are in this respect identical. 2. If her inchoate right of dower attached to the fee, as has been shown, it was a *legal* and not merely an *equitable lien*. She could not be deprived, without being made a party, any

Smith *v.* Gardner.

more than could a judgment creditor. 3. But the authorities on this point are conclusive. (*See* 10 *Paige,* 67; 8 *Barb.* 622.)

IV. By the foreclosure and sale, the purchaser and his grantees acquired only the estate of her husband. And the mortgage is paid out of the husband's separate estate, exhausted and forever extinguished; and it cannot, under any pretense, be reinstated. 1. It must be assumed as a legal implication, that the purchaser at the sale knew, or ought to have known, which is the same thing, that he was buying *only* the husband's *interest.* Neither the purchaser nor any of his grantees can plead ignorance of the law. The mortgage is canceled; and the defendant cannot assume the position of the creditor of the plaintiff. 2. A man buying under a forced sale, only gets the rights of the party whose interests are actually sold. The presumption is that he intended only to buy the interest of the man whose rights are actually sold. 3. The debt is paid by the purchase; and there is nothing to redeem.

V. There is nothing in the idea of a *mortgagee in possession.* No mortgagee, *as such,* was ever in possession. The purchaser did not get possession as mortgagee, but as purchaser under the power of sale. If a man has a power of sale against two, and executes it only as against one, and the power is thereby exhausted, he cannot revive it as against the other.

VI. The plaintiff's right to judgment is therefore complete.

*Wakeman & Bryan,* for the respondent. This action was tried as a strict common law suit for dower, and no effort was made by the plaintiff to change the issues on the trial. The whole theory of the plaintiff is in utter hostility to both the mortgages hereafter referred to. She seeks to ignore them; not to redeem them. The plaintiff married Sheldon R. Smith, October 13, 1836, and Smith died January 25, 1861. Smith received his deed April 1, 1836, and gave back a purchase money mortgage for $3791, *which has never been paid;* and he bought, also, expressly subject to a prior pur-

chase money mortgage executed by Benjamin Henshaw, May 1, 1834, for $2000. The Henshaw mortgage was duly foreclosed in chancery, by decree, granted March 23, 1839, Sheldon R. Smith (but not his wife) being made a party. The land was sold by a master, July 10, 1839, to one Wilcox; and Smith surrendered up the possession to Wilcox, who entered thereupon. The defendant claims under Wilcox, and Wilcox, or his subsequent grantees, have continued in the actual possession of such premises ever since; covering a period of nearly twenty-five years.

I. Sheldon R. Smith has no such seisin as would entitle the plaintiff to her dower. The interest of the husband, in case of a mortgage for the purchase money executed simultaneously with the deed, gives no right to dower as against the mortgagee, and persons making title under him. (4 *Kent's Com.* 45. *Jackson* v. *Dewitt,* 6 *Cowen,* 316. *Jackson* v. *Austin,* 15 *John.* 477. *Stow* v. *Tifft, Id.* 458. *Willard's Eq. Jurisprudence,* 434–437. 1 *Cowen,* 479. 6 *id.* 316. *Cunningham* v. *Knight,* 1 *Barb.* 406.) The deeds and mortgages being given and recorded at the same time, raise of themselves a presumption that the latter were given for the purchase money. (*Kettle* v. *Van Dyck,* 1 *Sandf. Chan.* 76, *cited and approved.* 1 *Barb. S. C. R.* 406.)

II. If Mrs. Smith were entitled to dower in the equity of redemption, it is simply on the ground that, until foreclosure or entry, the mortgagor held the legal title; but her estate was subject to the incumbrance and was defeated by its legal enforcement. Says Chancellor Kent: "If the mortgage was executed on a *purchase before marriage,* and the husband releases the equity after the marriage, the wife's right of dower is entirely gone." If it be conceded that generally a widow is entitled to dower in the equity of redemption of an estate mortgaged by her husband before coverture; yet we most confidently insist that, within all the authorities, she cannot enforce her claims at law against the mortgagee or those claiming under him. And if there has been an entry,

Smith *v.* Gardner.

after forfeiture, or the equity has been released, &c. the widow is not entitled to recover at law. (*Van Dyne* v. *Thayre,* 19 *Wend.* 162. *Same* v. *Same,* 14 *id.* 233. *Eaton* v. *Simonds,* 14 *Pick.* 98.) Thé attention of the court is particularly called also to *Wheeler* v. *Morris,* (2 *Bosw.* 530.) Each of the two purchase money mortgages is a subsisting title after entry, and we may claim under both. When the mortgagee *obtains possession,* he is regarded as the real owner of the property. Says Selden, justice, in *Mills* v. *Van Voorhies,* (20 *N. Y. Rep.* 416,) "The mortgagee, until he *obtains possession,* has only a lien or charge on the land," &c. See also note in case of *Hinds* v. *Ballou,* lately decided in the supreme court of New Hampshire, at page 126, *Amer. Law Reg. for Dec.* 1863, (*vol.* 3, *Nô.* 2.) In the case of *Bell* v. *The Mayor of N. Y.* (10 *Paige,* 64,) it appears to have been conceded by the eminent counsel for Mrs. Bell, that if there had been a foreclosure, release or entry after forfeiture, in *the lifetime of the husband,* so that he did not die seised of the equity of redemption, the inchoate right of the wife did not become consummate. Bell died seised and in actual possession. And the opposing counsel stated (arguendo) that it was admitted that if there had been a decree of foreclosure in the husband's life time, it would have barred Mrs. Bell's dower. The vice chancellor was evidently of that opinion ; and although the chancellor did not decide that precise point, they *both* agreed that the legal title under the mortgage was superior to the legal right of the mortgagor's widow to dower. It is clear that the chancellor recognizes ( *p.* 68) a broad distinction between a case like this and that of Mrs. Bell, "whose *equitable* right (he said) was actually vested in her by the death of her husband in possession of the premises."

III. *Robinson* v. *Ryan,* (25 *N. Y. Rep.* 325,) affirming the doctrine decided in *Jackson* v. *Bowen,* (7 *Cowen,* 13,) settles the principle that where the purchaser at a foreclosure sale does not, owing to some irregularity, get an *absolute*

*title* to the premises by his purchase ; yet the proceedings in foreclosure, and his purchase *under the same,* operate as an assignment of the mortgage, and that such purchaser gets *all the rights and interests* of the mortgagee as *assignee of the mortgage.* We submit that *Robinson* v. *Ryan* effectually refutes the plaintiff's claim—on which her counsel mainly relies—that the Henshaw mortgage was *"cancelled, exhausted and forever extinguished,"* by the foreclosure sale, and is decisive that no action of ejectment for dower can be sustained as against the Henshaw mortgage. Looking at the case in the light of justice and equity, it would certainly be a most extraordinary if not revolting proposition, that the plaintiff is entitled to dower in the whole premises nominally purchased by her husband of Benjamin Henshaw, although such husband peaceably abandoned the same, for the reason that he was unable to satisfy either of the two purchase money mortgages. In other words, although the husband never in fact paid a cent on the old mortgage given *by* Henshaw, or on the large mortgage which he himself gave *to* Henshaw, and therefore had little or no *real* interest in the property ; yet his widow may come, a quarter of a century afterwards, and without contributing to pay the mortgages or allowing for improvements, maintain ejectment for dower ! We have been unable to find any precedent for such a case or claim as that here brought by the plaintiff.

If any of the three points above presented are well taken, it follows that the learned judge at special term committed no error, and that the judgment should be affirmed.

*By the Court,* DANIELS, J. The right of the plaintiff to recover, is placed entirely on the circumstance that she was not a party to the foreclosure. And the only question now presented is, whether this is sufficient to entitle her to maintain the present action.

It is true, as a general legal proposition, that the widow is entitled to be endowed in all the lands of which her hus-

band, during the marriage, was seised of an estate of inheritance. But this right is liable to be defeated by every subsisting claim or incumbrance in law or equity, existing before the inception of the title, and which would have defeated the husband's seisin. (4 *Kent's Com.* 49.) And where the husband has executed a mortgage for the purchase money, before marriage, the widow cannot claim dower, as against the mortgagee or those claiming under him, while he may as to other parties. (3 *R. S. 5th ed.* 31, §§ 3, 4.) If, therefore, the mortgagee, or his assignee, had acquired possession of the premises under the mortgage, after forfeiture, the widow could not recover her dower, as to him, or any person claiming under him, but would be limited solely to a redemption of the mortgage. (*Van Dyne* v. *Thayre,* 19 *Wend.* 162.) For the party thus in possession, under the mortgage, could maintain it against every person claiming under the mortgagor. (*Chase* v. *Peck,* 21 *N. Y. Rep.* 586.) But while that is not denied, it is insisted that where the party in the possession is a purchaser, or derives his title under the purchaser, at a foreclosure sale, then he is not in under the mortgagee, and that the mortgage, as to him, is entirely extinguished. If that proposition be law, then it would seem to follow that the plaintiff is right in the form of action she has adopted, and judgment should have been directed in her favor. But it is not entirely correct to affirm that the purchaser at a foreclosure sale derives his title under the mortgagor. The object of the foreclosure is to protect and complete the title of the mortgagee under the mortgage. While the mortgage alone is, in equity, a mere lien, it is still such a lien that on a foreclosure it ripens into a title, extinguishing that of the mortgagor. And that is the case, not only in favor of the mortgagee, but also of the purchaser at the foreclosure sale, and of all persons afterwards claiming under him.

If the mortgagee in such a case enters under a foreclosure, or after forfeiture of the estate, and by virtue of his rights

as mortgagee, the wife's dower must yield to his superior title; for, as against the title under the mortgage, the widow has no right of dower, and the equity of redemption is entirely subordinate to that title. (4 *Kent*, 45.) This authority maintains the proposition that if the mortgagee enters under a foreclosure, he is in under his mortgage. Denio, J. considering the effect of a foreclosure, in the case of *Packer* v. *The Rochester and Syracuse Rail Road Co.* (17 *N. Y. Rep.* 287, 288,) says: "The purchasers took the title which the mortgagor had before he gave the mortgage. That title passed to the mortgagee by force of the mortgage, and it passed to the purchasers by the foreclosure and sale." "Where legal title is concerned, a mortgage, which for many other purposes is a mere chose in action, is a conveyance of the land. The interest remaining in the mortgagor is an equity. The foreclosure cuts off and extinguishes that equity, and leaves the title, conveyed by the mortgage, absolute." The same principle is maintained by Savage, Ch. J. in *Coates* v. *Cheever*, (1 *Cowen*, 479.) He says: "Where the tenant enters by virtue of a foreclosure, or after a forfeiture for non-payment of the money, then the estate is deemed never to have vested, and the widow is not entitled to dower." In *Jackson* v. *Dewitt*, (6 *Cowen*, 317,) the mortgagor, after default, reconveyed the equity of redemption to the mortgagee, under whom the title was derived which was in controversy. Woodworth, J. delivering the opinion of the court, remarks: "The plaintiff's title is not derived from the husband of the widow, but from Bruyn, the mortgagee, who accepted a release of the equity of redemption. The plaintiff may, therefore, set up any matter that Bruyn, the mortgagee, might have set up had Mrs. Miller brought an ejectment against him to recover the land set apart for her dower." In *Jackson* v. *Bowen*, (7 *Cowen*, 19,) where one of the mortgagees became the purchaser, on a foreclosure by advertisement, the court held that the purchaser "acquired all the right and interest of his co-mort-

Smith *v.* Gardner.

gagees, in the mortgages as well as the land." It "placed him on the same ground as though he had been sole mortgagee." "He acquired the right of an assignee." And the same principle was applied in favor of the purchaser, against incumbrancers not made parties, in *Benedict* v. *Gilman,* (4 *Paige,* 58 ;) and was again maintained in *Bell* v *The Mayor of New York,* (10 *Paige,* 68,) a case in many respects like the one under consideration. In that case the chancellor says : "The effect of the foreclosure in this case, to which she [the complainant] was not a party, is, as between her and the defendants, the grantees of Blackwell [who was the purchaser at the foreclosure sale] the same as if Blackwell had taken possession of the premises as mortgagee without a foreclosure, and had then assigned all his interest in the mortgage, and in the mortgaged premises, to the defendants." *(See also p.* 70.) To the same effect is *Mills* v. *Van Voorhies,* (20 *N. Y. Rep.* 418,) where the court held that if the mortgage is foreclosed without making the wife a party, she can come in at any time afterwards and redeem, notwithstanding the decree and sale in the foreclosure suit. It was likewise applied, without any question as to its propriety, in favor of purchasers under the party acquiring title through foreclosures, in the cases of *Mickles* v. *Dillaye and others,* (17 *N. Y. Rep.* 80 ;) *Wetmore* v. *Roberts,* (10 *How. Pr. Rep.* 51 ;) and *Robinson* v. *Ryan,* (25 *N. Y. Rep.* 320.) And is declared by statute, (3 *R. S. 5th ed.* 273, § 88,) where it is provided that the deed, on a sale under a foreclosure, "shall vest in the purchaser the same estate, and no other, that would have vested in the mortgagee if the equity of redemption had been foreclosed ; and such deeds shall be as valid as if the same were executed by mortgagor and mortgagee." The deed of the mortgagee could only operate on his rights under the mortgage ; and in that manner would convey the mortgage and the lien created by it, to the purchaser. In *Jackson* v. *Bowen,* (7 *Cowen,* 19, 20,) that effect is given to a deed on foreclosure by advertisement, even conceding that

it could not, on account of irregularities in the proceedings, convey the land.

It. is clear from these authorities, that the defendant is entitled to protect himself under the mortgage, through the foreclosure of which he derived title to the lands. If the plaintiff has any remedy at all, it is not by ejectment, but by an action to redeem. That was neither sought nor claimed, upon the trial of this cause.

The judgment appealed from should be affirmed.

[ERIE GENERAL TERM, September 5, 1864.   *Davis, Grover* and *Daniels,* Justices.]