PRUDENCE M. WING, APPELLANT, v. AMBROSE S. FIELD, RESPONDENT.

*Mortgagee in possession — who is entitled to the rights of.*

In 1855 the owner of certain premises gave a mortgage thereon to one Briggs, who thereafter assigned the same to one Ketchum. In 1869 the said owner conveyed a portion of the premises to one Welch and took back from him a mortgage thereon, which, in October of that year, he assigned to one Wing. In 1872 Ketchum brought an action to foreclose his mortgage, and obtained a judgment therein under which the premises were sold to the defendant for an amount exceeding that due upon the mortgage. Welch, who was in possession of the land conveyed to him, was not made a party to the foreclosure and the summons was not served upon Wing, nor did he appear therein. The defendant went into possession of all the premises conveyed to him at the time of the sale, except that portion which was in the possession of Welch. January, 1880, Wing foreclosed his mortgage by advertisement, notice being served upon the defendant, and in April the premises were sold to the plaintiff. In February, 1880, Welch surrendered possession of the premises conveyed to him to the defendant, who then entered upon them, and ever since has remained in possession thereof.

*Held*, that the defendant occupied the position of a mortgagee in possession, and that an action of ejectment would not lie in favor of the plaintiff.

*Watson* v. *Spence* (20 Wend., 260), and *Shriver* v. *Shriver* (86 N. Y., 580), distinguished.

APPEAL from a judgment, entered upon the decision of the court at the Wayne Circuit dismissing the complaint.

The action was one of ejectment. In 1855, Leander S. Ketchum, being the owner of certain premises, made a mortgage of them to one Briggs to secure the payment of $2,100, which was then recorded. In 1869 he conveyed to Barney Welch the premises in question, which were a part of those first mentioned, and Welch then executed and delivered a mortgage to his grantor containing a power of sale (which deed and mortgage were shortly after recorded) and went into possession of the premises conveyed to him. In October following Ketchum assigned the latter mortgage to Conway P. Wing.

Briggs assigned the first mentioned mortgage to Mary J. Y. Ketchum, who afterward, in April, 1872, commenced an action to foreclose it. Welch was not made a party to that action, nor was the summons served on Wing, and he did not appear in the action, but all the owners of the equity of redemption of the mortgaged premises, except that portion of them in question, and all other persons having any interest in them other than Welch and Wing were made parties and served with the summons. A judgment of foreclosure and sale was recovered, and pursuant to it the entire mortgaged premises were sold and purchased by the defendant, who paid the purchase-price, which produced a surplus of $2,945.74, and a deed was made to him by the referee August 20, 1872, covering the premises in question, and the defendant then went into possession of all the land, except that portion mentioned in the complaint, of which Welch remained in possession until in February, 1880, when he surrendered the possession thereof to the defendant, who has since then had the possession of it. In January, 1880, Wing instituted proceedings by advertisement under the statute to foreclose the mortgage given by Welch, which were perfected by sale in April, 1880, and the plaintiff became the purchaser. The notice of that proceeding was served on the defendant, and he was present at the sale and there publicly announced that he claimed the title and right to the possession of the premises then sold. The court decided that the plaintiff had "an estate in fee simple in the premises described in the complaint;" that the defendant had the position of mortgagee in possession of them and

that the plaintiff was not entitled to recover and directed judgment for the defendant, which was entered.

*H. R. Durfee,* for the appellant.

*Vandenberg & Saxton,* for the respondent.

BRADLEY, J. :

The mortgage, foreclosure and sale under which the defendant claims title and the right to the possession of the land in question, was a nullity as against Welch, who was the owner of the equity of redemption, because he was not made a party to the action of foreclosure. The purchase, pursuant to the proceedings had to foreclose the mortgage held by Wing, was effectual to vest in the plaintiff title to such equity of redemption. And she was entitled to recover unless the defendant may be treated as a mortgagee in possession under the prior mortgage. He went into possession before the foreclosure of the Wing mortgage was perfected, and by the consent of Welch, the then owner of the equity of redemption, which gave him the right for the purposes of this action to retain it as against the plaintiff, if he may be treated as a mortgagee in possession under the mortgage that was the subject of the action which resulted in the judgment and sale pursuant to which he became the purchaser. The mortgage was extinguished by the foreclosure and sale only so far as no beneficial interest existed for keeping the legal and equitable estates distinct, but remained effectual to acquire or quiet the unforeclosed interests in the premises subsequent to it, or to require redemption by way of relief for those having such interests or liens not barred by the foreclosure and sale. (*Smith* v. *Gardner,* 42 Barb., 356 ; *Ross* v. *Boardman,* 22 Hun, 527, 530 ; *Vroom* v. *Ditmas,* 4 Paige, 526.) It follows that if the assignee of the mortgage, who was the plaintiff in that foreclosure action, had been the purchaser at the sale and went into possession of the land in question by the consent of Welch prior to the foreclosure of the Wing mortgage, he would have been deemed a mortgagee in possession and could have held it as against the plaintiff, and her only remedy would have been that of redemption. (*St. John* v. *Bumpstead,* 17 Barb., 100.)

The statute in force at the time of the foreclosure by the defendant provided that the deeds given in execution of such judgments

and sales " shall vest in the purchaser the same estate (and no other or greater) than would have vested in the mortgagee if the equity of redemption had been foreclosed, and such deeds shall be as valid as if the same were executed by the mortgagor and mortgagee, and shall be an entire bar against each of them and against all parties to the suit in which the decree for such sale was made." (2 R. S., 192, § 158.) And on the repeal of that statute (Laws of 1877, chap. 417), that which became a substitute for it contained substantially the same provisions. (Code Civil Pro., § 1632.)

It would seem that the defendant as purchaser acquired the rights of the mortgagee in so far as the mortgage, as distinguished from the judgment and sale, was requisite to preserve and protect any rights afforded by it. (*Jackson* v. *Bowen*, 7 Cow., 14; *Brainard* v. *Cooper*, 10 N. Y., 356, 358; *Packer* v. *R. and S. R. R. Co.*, 17 id., 288; *Robinson* v. *Ryan*, 25 id., 320; *McMurray* v. *McMurray*, 66 id., 176, 180, 181; *Smith* v. *Gardner*, 42 Barb., 366, 367; *Belden* v. *Slade*, 26 Hun, 635.) And the surrender of the possession by Welch, the owner of the equity of redemption, to the defendant, after the purchase and taking of the referee's deed by the latter and his going into the possession, with the consent of Welch, were effectual to give to the defendant the relation of mortgagee in possession and all the rights incident to it. The equity of redemption was not extinguished or impaired by the foreclosure action and sale, but remained with the right of redemption in Welch until the sale to the plaintiff on the foreclosure of the subsequent mortgage and thereafter was in her. The plaintiff's counsel contends that the judgment of foreclosure was void because the owner of the equity of redemption was not a party to that action, and that the defendant derived no right as purchaser which could enable him to occupy the position of mortgagee in possession, and cites *Watson* v. *Spence* (20 Wend., 260), and *Shriver* v. *Shriver* (86 N. Y., 580), in support of his contention. To constitute a mortgagee in possession he must go in by virtue of legal process, or by the consent of the owner of the equity of redemption; that is to say, the possession must be lawfully acquired to support such relation. (*Phyfe* v. *Riley*, 15 Wend., 248; *Van Duyne* v. *Thayre*, 14 id., 236; *St. John* v. *Bumpstead*, 17 Barb., 100; *Madison Av. B. Church* v. *O. St. B. Church*, 73 N. Y., 82.)

The proceedings in the action were a nullity as to Welch, but the sale and purchase were not void as a whole. It was effectual as to all the rights of the plaintiff in that action in the mortgage, and vested them in the defendant. In *Watson* v. *Spence*, as reported, it does not appear how the defendant there got into possession. It may be he went in by force of the decree and claimed the right by virtue of his purchase and the master's deed, and such may fairly be the inference. The proceeding and sale being void as to the plaintiffs in that action, who had the equity of redemption, the master's deed afforded the defendant no right and his possession taken *in invitum* would not be lawful, and therefore not effectual to give him any right as a mortgagee in possession, and nothing appears in the case from which it can be inferred that he took or had possession with the consent of the owner of the equity of redemption. And assuming, as we do, that the possession there was unlawful for want of both consent and valid process, that case, in its result, is not subject to criticism. It is in that view, it may be assumed, that the expression was made by the chief justice, in *Shriver* v. *Shriver*, to the same effect. If the defendant had taken possession by force and aid of a writ of assistance in execution of the judgment, and held it without the consent of Welch, he could not have successfully defended this action as a mortgagee in possession. Those cases, relied upon by the plaintiff, would then have been applicable, but upon the facts here they give her no support as authority.

The contention that as the defendant was served with notice in the statutory proceeding to foreclose the Wing mortgage, and did not take any steps to establish any right, he was charged by that foreclosure as holding subordinately to that mortgage, and the right of the plaintiff as purchaser cannot be supported. The defendant's right of possession being founded in the prior mortgage, was paramount to that which could be given by the foreclosure of the other mortgage. And his rights in that respect were not barred or affected by the proceeding to foreclose it, nor did the notice served on him in the proceeding require any action on his part for his protection. (2 R. S., 546, § 8; *Arnot* v. *Post*, 6 Hill, 65, 67; *Lewis* v. *Smith*, 9 N. Y., 502; *Payn* v. *Grant*, 23 Hun, 134; *Rathbone* v. *Hooney*, 58 N. Y., 468.) The defendant alleges in his answer the facts which constituted him a mortgagee in possession as we

view the case. It follows that the plaintiff was not entitled to recover the possession of the premises.

The judgment should be affirmed.

BARKER, HAIGHT and CORLETT, JJ., concurred.

Judgment affirmed.