By the Court.—-Sandford, J.
Several questions were *327 argued, which it is unnecessary for us to decide in disposing ot the motion for a new trial.
There are two grounds upon which we think the defendant is entitled to recover:
1. By the thirtieth section of the act for loaning the United States deposit fund, (Laws of 1837, c. 150,) on the failure of the borrower to pay the annual interest at the time prescribed, the Loan Commissioners become “ seised of an absolute and indefeasible estate in fee” in the lands mortgaged, and the mortgagor is thereupon barred and foreclosed of all equity of redemption. He is permitted to retain the possession until the day of the commissioners’ sale, prescribed by the act; and on paying the mortgage and costs before the time of sale, the title in fee to the premises will revert to, and re-in vest in the mortgagor. (§ 30,33.)
The mortgage was produced on the trial, and the time for the payment of the interest due in October, 1841, had elapsed. There was no proof of the payment of the interest. Moreover, there was competent evidence to show affirmatively that it was not paid, if any such proof were necessary, beyond the efflux of time. It is the duty of the commissioners to enter on the back of the mortgage a minute of every sum paid to them on such security. (§ 28.) The mortgage exhibited no minute of the payment of the interest in question; and this established presumptively the fact of its non-payment.
The direct and necessary consequence is, that at the end of twenty-three days from the first Tuesday of October, 1841, the title in fee to these premises vested in the loan commissioners. The act is so rigorous, that it leaves not a vestige of title or estate in the mortgagor or his assigns. The evidence thus proved title out of the plaintiff, and she made no attempt to show that it ever reverted to, or re-vested in her, by redemption or otherwise. This was sufficient to entitle the defendant to a verdict, without in any manner connecting himself with the outstanding title.
2. The second ground of defence rests upon the same evidence, with the addition of the deed from the loan commissioners. The deed was sufficient, at least, to transfer to the defend *328 ant the money due upon the mortgage. The interest - on the mortgage was in arrear, and the mortgagees were entitled to foreclose, or to sell under the statute. The defendant, therefore, occupies the position of a mortgagee in possession of the premises mortgaged; the money secured being due and unpaid. Although since the revised statutes, a mortgagee cannot obtain possession at law, on default of payment, there is no doubt that he may retain the possession until redemption, if he succeed in procuring it by the mortgagor’s consent, or in any lawful mode.
In placing our decision upon these grounds, we do not intend to intimate any doubt as to the sufficiency of the defendant’s title under the sale and deed of the loan commissioners. We leave that subject untouched.
Motion for a new trial denied.