# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## SEPTEMBER TERM, 1872.

---

### JANE ROBERTS, RESPONDENT, v. FENDEL SUTHER-LIN, APPELLANT.

MORTGAGEE IN POSSESSION.—A mortgagee who obtains possession of mort-gaged premises with the assent of the mortgagor, after default of the latter, may retain such possession until payment of the mortgage debt. Such possession is a good defense against an action of ejectment brought by the mortgagor so long as the mortgage debt remains unpaid.

ALLEGATION OF ASSIGNMENT.—The allegation, in complaint, that the mort-gage in question "has been duly assigned and transferred to this defendant," is a sufficient allegation of assignment. It is otherwise, however, where it appears that there is a note or other contract of indebtedness, independent of the mortgage. In the latter case the mortgage is the incident of the debt, and the transfer of the latter carries with it the former.

APPEAL from Douglas County.

This is an action of ejectment to recover the possession of premises to which plaintiff claims title in fee. The answer denies that plaintiff is entitled to the possession of the premises described, or that she is the owner in fee or otherwise, except as is further stated. The answer further alleges that defendant is the owner in fee of the premises,

."subject to a right of redemption by said plaintiff, by virtue of a defeasance clause in a certain deed or mortgage executed by plaintiff and one Jesse Roberts, jointly, to one J. F. Sutherlin, on the 4th day of February, 1860, to secure payment of a certain sum of money, which mortgage has been duly assigned and transferred to this defendant, and upon which said mortgage there is now due and payable about the sum of four thousand dollars." It is then alleged that defendant entered into possession of the premises with the full assent of plaintiff.

Plaintiff interposed a demurrer to the sufficiency of the answer, which was sustained, and defendant failing to further plead, judgment was rendered as prayed for in the complaint; from which defendant appeals.

*L. F. Mosher and W. W. Thayer,* for Appellant.

It has always been held that in the absence of any statutory provision to the contrary, a mortgagee could maintain ejectment against the mortgagor upon default in the payment of the mortgage debt. (Adams on Ejectment, 105; 10 Wall. U. S. 530.) The mortgagee has been permitted to maintain such action for the reason that the mortgagee in possession can always be made to account for the rents and profits and to apply them upon the debt and interest. (*Strange* v. *Allen,* 44 Ill. 428.) A mortgagee out of possession could apply in equity for the appointment of a receiver to secure the rents and profits which have not been collected. (*Astor* v. *Turner,* 11 Paige R. 436.)

Since the case of *Jackson* v. *Willard* (4 John. 41), in 1809, the Courts of the State of New York have, as a general rule, held that a mortgage was a mere security for a debt; and at the same time have held that a mortgagee, after default, was entitled to the possession of the mortgaged premises until the payment of the debt. (4 Kent, 174.) Before the Revised Statutes, he could maintain ejectment for the possession, and after that remedy was taken away, he could retain possession, if he could in any way acquire it, until the debt was paid. (*Pell* v. *Ulmar,* 18 N. Y. 142, and cases there cited; 42 Mo. 138; 44 Ill. 30; *Woods* v. *Helderbrand,* 46 Mo. 284, reported in 2 Am. R. 515; 4 Minn. 499; 14 Tex. 142.)

The deduction from this is that the right of the mort-gagee to recover or retain the possession of the mortgaged premises does not depend upon the question as to whether the mortgage passes title to the freehold; but it is a right to recover or retain the possession of the pledge for the pur-pose of paying the debt. Such a right is but the incident of the debt, and has no relation to a title or estate in the lands. (*Kortright* v. *Cady*, 21 N. Y. 364; *Dutton* v. *War-schauer*, 21 Cal. 625; *Pollock* v. *Mason*, 41 Ill. 516.)

If the mortgagee is lawfully in possession, after condition broken, he will not be turned out until his debt is paid (2 Black U. S. 579), and this is held even where the debt is barred by the Statute of Limitations. (*Reed* v. *Shipley*, 6 Vt. 602.)

Section 323 of the Civil Code, which provides that a mort-gage shall not be deemed a conveyance, so as to enable the owner of the mortgage to recover possession, does not change the rights of parties where the mortgagor assents to the mortgagee's taking possession. It simply took away a remedy which has been regarded as harsh and severe. (3 Am. Rep. 256.)

*W. R. Willis and Watson & Lane*, for Respondent.

The mortgagor in this State is the legal owner of the mortgaged premises, and is entitled to the possession of the same. (9 Cal. 365; 18 Cal. 482; 2 Washburn on Real Property, 550; 26 Ga. 197.)

In this State the mortgagee has no interest in the mort-gaged premises, further than as a security for his debt; he is not entitled to the possession of the same, and must fore-close his mortgage and sell the premises before he can take possession of the same. (Civ. Code, § 323; *Anderson* v. *Baxter, ante,* p. 105; 17 Cal. 589; 22 Cal. 255, 266.)

Our statutes require the defendant in ejectment to plead his estate or interest in his answer with the same certainty as is required in the complaint. (Civ. Code, § 316; Deady's R. 104; 30 Cal. 685, 687.)

By the Court, BONHAM, J.:

The principal question presented in this case is, what is the legal effect of an entry made upon mortgaged premises by the mortgagee with the *assent* of the mortgagor? Is the possession thus acquired by the mortgagee lawful, and a good defense against an action of ejectment brought by the mortgagor? These questions, so far as we are advised, are new in this State.

The case of *Anderson* v. *Baxter*,[*] reported in Session Laws of 1870, page 265, is cited by respondent's counsel in support of their position on these questions; but on a careful examination of that case, as well as the manuscript opinion of this Court by Thayer, J., on appeal from a rehearing of the same cause, on amended complaint, in 1871, it will be observed that those cases do not determine the material questions involved in this.

In the first case of *Anderson* v. *Baxter* the only questions determined were, that a suit to foreclose a mortgage must be commenced within ten years from the time the cause of suit accrued; that the execution of a mortgage does not vest in the mortgagee any title to, or interest in, the mortgaged premises, but that it is only a security for a debt similar to that created by a judgment. It was also held in that case that the time of the absence of the mortgagor from the State should not be computed in the period of limitation for the commencement of the suit to foreclose the mortgage; and these are, substantially, the only questions determined in that case.

In the second case of *Anderson* v. *Baxter* determined by this Court and hereinbefore referred to, the plaintiff, to avoid the effect of the Statute of Limitations, applied to and obtained leave of the Court below for a rehearing upon his amended complaint, setting forth that Anderson, the assignee of the original mortgagee in that case, was then, and for a number of years prior thereto had been, in the *peaceable* possession of the mortgaged premises in question, and also that he (Anderson) had applied

[*]*Ante*, p. 105.

the rents and profits of the mortgaged premises so occupied by him to the partial payment of the mortgage debt, and thus sought to take his case out of the operation of the Statute of Limitations. This Court also held in that case that such an application of the rents and profits being without authority from the mortgagor, did not amount to a voluntary or authorized payment by him so as to effect the object sought by the plaintiff.

But in the case at bar the defendant Sutherlin avers in his answer that he entered into the possession of the mortgaged premises with the full *assent* of the plaintiff, the mortgagor.

It is true, that under our Code (Civ. Code, § 323) a mortgagor cannot against his will be divested of his possession of the mortgaged premises, even after default, without a foreclosure and sale. But we know of no law or of any good reason to prevent the mortgagor from placing his mortgagee in possession of mortgaged premises if he chooses to do so. Such proceeding would frequently operate beneficially to both parties by avoiding the expense of a foreclosure suit. And where the duration of the possession of the mortgagee thus acquired is not limited by his agreement with the mortgagor, we think that the legal effect of the same is, that he may retain it until his mortgage debt is paid. And we do not think that this doctrine conflicts with the rule that a mortgage is simply a security for a debt and vests in the mortgagee no legal title to or interest in the mortgaged premises. At all events, this doctrine is clearly maintained in a great number of well-authenticated cases in different States.

Judge Comstock, in *Kortright* v. *Cady* (21 N. Y. 365), in speaking of the modification of the common law rule on this subject, says: "When the Legislature, by express enactment, denied this remedy to mortgagees (the right to eject the mortgagor after condition broken), they undoubtedly supposed they had swept away the only remaining vestige of the ancient rule of the common law which regarded a mortgage as a conveyance of the freehold; yet, I see nothing inconsistent or anomalous in allowing the pos-

session once acquired for the purpose of satisfying the mortgage debt, to be retained until that purpose is accomplished. When that purpose is attained, the possessory right instantly ceases, and the title is as before in the mortgagor without a reconveyance. The notion that a mortgagee's possession, whether before or after default, enlarges his estate, or in any respect changes the simple relation of debtor or creditor, between him and his mortgagor, rests upon no foundation. We may call it a just and lawful possession, like the possession of any other pledge; but when its object is accomplished it is neither just nor lawful for an instant longer."

The result of this construction of the law of mortgages is simply declaratory of the true doctrine that the people should not be unnecessarily trammeled or restrained in their right to deal with their property according to their own judgment of what may be for their best interests. If a mortgagor chooses to retain the possession of his mortgaged premises until a foreclosure and sale, he may do so; if he thinks that his interests will be promoted by investing his mortgagee with possession before that time, he is bound by his act according to the terms and legal effect of his agreement. We think this is the correct doctrine upon principle as well as authority.

Respondent's counsel also object to the sufficiency of the answer, for the following further reasons, to wit: The defendant does not sufficiently deny that the plaintiff is the owner of the premises in dispute, and that there is not a sufficient allegation of the assignment of the mortgage in question to the defendant. These objections, we think, are not well taken. On the latter point, the defendant avers that the mortgage was duly assigned and transferred to him.

While it is true that where a note or bond exists independent of the mortgage, and which it is given to secure, the latter is regarded as the incident of the former, and such note or bond must be assigned to carry the mortgage. But in this case it does not appear that any such note or bond was given.

We think that defendant's answer, if true, constitutes a de-

fense to plaintiff's cause of action, and that the Court below erred in sustaining the demurrer.

Judgment is reversed, and this cause remanded for further proceedings according to law.