[Civil No. 326.    Filed November 10, 1892.]

[31 Pac. 548.]

## T. J. BRYAN, Plaintiff and Appellant, v. D. H. PINNEY et al., Defendants and Appellees.

1. EJECTMENT—DEFENSE—ESTOPPEL IN PAIS.—Kales, mortgagee of Bryan, was, upon Bryan's death, appointed administrator of his estate at the widow's suggestion. To enforce his mortgage debt K. brought suit against himself as administrator and the property was sold for its market value to him under the order of sale. The widow and plaintiff, her grantee, had full knowledge of the suit to foreclose and sale but failed to redeem. Kales assigned the certificate to Pinney, who with his grantees were in possession for more than three years prior to the commencement of the action, paying taxes and making valuable improvements, with the knowledge and acquiescence of the widow and plaintiff. Though the decree under

which the sale was made may have been a nullity, likewise the sale, the plaintiff and the widow, knowing that the claim of the defendants to the property rested upon that sale, by remaining silent and permitting the expenditures by defendants, are now estopped to assert title.

2. SAME—MORTGAGES—INVALID FORECLOSURE—ASSIGNEE OF CERTIFICATE OF SALE SUBROGATED TO RIGHTS OF MORTGAGEE—MORTGAGEE IN POSSESSION.—The mortgagee, under an attempted foreclosure, purchased the property at the sale for the amount of the debt, and assigned the certificate, for value, to defendants, who thereby if the sale under foreclosure was invalid became the assignees of the mortgage debt. The defendants entered peaceably into possession, with plaintiff's knowledge, and made improvements. The possession being lawful, defendants are mortgagees in possession after condition broken, and should be protected therein.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. Joseph H. Kibbey, Judge. Affirmed.

The facts are stated in the opinion.

Webster Street, and Ben Goodrich, for Appellant.

As an estoppel by judgment, the allegations show that the judgment of *Kales* v. *Kales,* administrator of J. M. Bryan, deceased, upon which they rely, is absolutely void on its face. There can be no suit without adverse parties, and a judgment rendered in an action where the same person is both plaintiff and defendant is absolutely void, and cannot be the foundation of title. *Bryan* v. *Kales,* 134 U. S. 135, 10 Supp. Ct. Rep. 435; *Graham* v. *Harris,* 5 Gill & J. 490; *Hall* v. *Pratt,* 5 Ohio, 83; *Page* v. *Patten,* 5 Pet. 312; *Paschall* v. *Hailman,* 4 Gilm. 300; *Denny* v. *Metcalf,* 28 Me. 389; *Barley* v. *Harris,* 8 N. H. 233, 29 Am. Dec. 650; *Eastman* v. *Wright,* 6 Pick. 320; *Livingston* v. *Livingston,* 2 Mill, 428, 12 Am. Dec. 684, where the question of an executor suing himself is passed upon, and also *Pearson* v. *Nesbit,* 1 Dev. & B. 315, 17 Am. Dec. 569; *Griffith* v. *Chew,* 8 Serg. & R. 17, 11 Am. Dec. 556; *Blaisdell* v. *Ladd,* 14 N. H. 129; *Ford* v. *Whedbee,* 1 Dev. & B. Eq. 16; *Moffat* v. *Mullinger,* 2 Chitty, 539, S. C. 2 Bos. & P. 124; *Trustees Methodist Church* v. *Stewart,* 27 Barb. 553; *In re Armstrong,* 69 Cal. 240, 10 Pac. 235; *Brown* v. *Mann,* 71 Cal. 192, 12 Pac. 51; *Buchanan* v. *Meisser,* 105 Ill. 643.

The phrase used by some of the courts that a person cannot sue himself at law means nothing more than that the law courts cannot adjust the respective rights and equities between plaintiffs and defendants who are interested on both sides of the same suit, as, for instance, where one partnership sues another, and some of the parties belong to both firms, and hence turn them over to courts of equity. Freeman on Judgments, sec. 158; 1 Herman on Estoppel, sec. 138; *Corcoran* v. *Chesapeake etc. Co.,* 94 U. S. 741.

The law is, that identity of name is *prima facie* identity of person. 1 Greenleaf on Evidence, sec. 575, note; Taylor on Evidence, sec. 1860; *Thompson* v. *Manrow,* 1 Cal. 428; *Moll* v. *Smith,* 16 Cal. 554; *Garwood* v. *Garwood,* 29 Cal. 520; *Brown* v. *Metz,* 33 Ill. 343, 85 Am. Dec. 277; *Gitt* v. *Watson,* 18 Mo. 274; *State* v. *Moore,* 61 Mo. 276; *Godell* v. *Hibbard,* 32 Mich. 55; *Campbell* v. *Wallace,* 46 Mich. 320, 9 N. W. 432; *Jackson* v. *King,* 5 Cow. 239, 15 Am. Dec. 468; *Jackson* v. *Cody,* 9 Cow. 149; and the burden of disproving it is on the defendants. See two cases last cited.

That evidence *aliunde* the record is admissible to show identity, and that such proof does not contradict the record is settled law. *Garwood* v. *Garwood,* 29 Cal. 520.

The district court had no jurisdiction to try the case of Kales *v*. Kales, administrator, No. 326, and the pretended judgment in that case is an absolute nullity. Jurisdiction is defined to be the power to hear and determine the subject-matter between parties to a suit; *Rhode Island* v. *Massachusetts,* 12 Pet. 718, and one of the essentials to its exercise is that proper parties must be before it. *Munday* v. *Vail,* 5 Vroom, (34 N. J. L.) 422. It follows of necessity that without proper adverse parties, the court had no jurisdiction.

To create an estoppel *in pais,* it must appear, first, that the party making the admission by his declaration or conduct was apprised of the true state of his own title. Second, that he made the admission with the express intention to deceive or with such careless and culpable negligence as to amount to constructive fraud. Third, that the other party was not only destitute of all knowledge of the true state of the title, but of the means of acquiring such knowledge. And fourth, that he relied directly on such admission, and will be injured

by allowing its truth to be disproved. *Biddle Boggs* v. *Merced Min. Co.*, 14 Cal. 367; *Lux* v. *Haggin*, 69 Cal. 266, 10 Pac. 674; *Brant* v. *Virginia Coal and Iron M. Co.*, 93 U. S. 336; *Steel* v. *Smelting Co.*, 106 U. S. 456, 1 Sup. Ct. Rep. 389.

Mere acquiescence is not sufficient; there must be assent. *Lux* v. *Haggin*, 69 Cal. 266.

Silence without fraud—that is, mere silence unaccompanied by any act calculated to mislead or deceive another to his hurt—never estops a party to claim his own. *Railroad Co.* v. *Dubois*, 12 Wall. 64; *Cleveland* v. *Richardson*, 132 U. S. 329, 10 Sup. Ct. Rep. 100; *Ferris* v. *Coover*, 10 Cal. 631; *Bales* v. *Perry*, 51 Mo. 449; *Fielding* v. *Dubose*, 63 Tex. 637; *Hill* v. *Epley*, 31 Pa. St. 334; *Strong* v. *Ellsworth*, 26 Vt. 367; *Sulphine* v. *Dunbar*, 55 Miss. 255; *Mason* v. *Philbrook*, 70 Me. 57; *Rice* v. *Dewey*, 54 Barb. 455; *Mayo* v. *Cartwright*, 30 Ark. 407; *Bramble* v. *Kingsbury*, 39 Ark. 131; *Neal* v. *Gregory*, 19 Fla. 356; *Terre Haute Rd.* v. *Rodel*, 89 Ind. 128, 46 Am. Rep. 164; *Viele* v. *Judson*, 82 N. Y. 32; *Diffenback* v. *Vogler*, 61 Md. 370; *Stockman* v. *Riverside L. and I. Co.*, 64 Cal. 59, 28 Pac. 116; *Knouff* v. *Thompson*, 16 Pa. St. 357.

It is not alleged that defendants were misled by any act or word of Vina Bryan or Brown, that they relied on anything she said or did as an inducement to make the purchase, that she made any misrepresentations of any kind or fraudulently concealed any fact, or used any artifice to throw defendants off their guard, or to entrap or deceive them in any way, nor is it alleged that the means of information as to title of the land was not equally open to them as to her. In such cases the doctrine of estoppel has no application. *Fletcher* v. *Holmes*, 25 Ind. 458.

When a purchaser cannot make out his title but through a deed which leads to a fact, he will be affected with notice of that fact. *Brush* v. *Ware*, 15 Pet. 114. That which puts the party upon inquiry is notice. Id. He must look to every part of the title which is essential to its validity. Id. 111. See, also, *Hardy* v. *Harbison*, 4 Saw. 545, Fed. Cas. No. 6060; *Bank of Mendocino* v. *Baker*, 82 Cal. 117, 22 Pac. 1037.

As to the effect of recitals contained in the sheriff's certificate of sale and deed, see *Bryan* v. *Crump*, 55 Tex. 12; *Cor-*

*bett* v. *Clenny*, 52 Ala. 480; *Stidman* v. *Mathews*, 29 Ark. 650; *Gress* v. *Evans*, 1 Dak. 387, 46 N. W. 1132; *Wiseman* v. *Hutchison*, 20 Ind. 40.

At all judicial sales the purchaser gets no better title than the officer of the law has power to sell; he exercises only a naked power. The doctrine of *caveat emptor* applies, and the purchaser is chargeable with notice whether the court had jurisdiction to pronounce the judgment or decree under which the sale was made. *Stigall* v. *Huff*, 54 Tex. 197; *Reeve* v. *Kennedy*, 43 Cal. 650; *Chambers* v. *Jones*, 72 Ill. 281; *Cleveland* v. *Richardson*, 132 U. S. 329, 10 Sup. Ct. Rep. 100.

If defendants claim that they are mortgagees in possession, then they are concluded by their own averments that they claim under the foreclosure decree, because where a party takes possession under such a decree, he cannot be regarded as a mortgagee in possession. *Davenport* v. *Turpin*, 43 Cal. 597.

But if this were not so, still plaintiff is entitled to recover. The mortgagee is not entitled to possession until after foreclosure and purchase. Comp. Laws 1877, sec. 2698; *McMillan* v. *Richards*, 9 Cal. 411; *Nagle* v. *Macy*, 9 Cal. 428; *Kidd* v. *Temple*, 22 Cal. 262. And if he gets possession without or against the consent of the mortgagor, he is a mere trespasser. *Witherell* v. *Wiberg*, 4 Saw. 232, Fed. Cas. No. 17,917; *Semple* v. *Bank British Columbia*, 5 Saw. 400, Fed. Cas. No. 12,660; *Russell* v. *Ely*, 2 Blackf. 575; *Humphrey* v. *Ward*, 29 Mich. 44; *Hazeltine* v. *Granger*, 44 Mich. 505.

D. H. Pinney, and Baker & Campbell, of Counsel, for Appellees.

The law presumes in favor of a judgment; that the court rendering it had jurisdiction of the subject-matter; that there were proper and adversary parties before it; and that it had jurisdiction of the persons of those parties. These presumptions accompanied the Kales judgment. Appellant sought to overthrow said judgment by the lesser presumption that the court would presume as against the judgment that plaintiff and defendant were the same person because their names were similar. This presumption does not always follow; whenever

parties of similar names are in antagonistic or inconsistent positions, the law will not presume that they are the same party. *Dorente* v. *Sullivan,* 7 Cal. 279; *Cooper* v. *Posten,* 1 Duval, 92, 85 Am. Dec. 610; *Jackson* v. *Christman,* 4 Wend. 279; *Ellsworth* v. *Moore,* 5 Iowa, 486; *Bennett* v. *Libhart,* 27 Mich. 488; *Waller* v. *Edmonds,* 47 Tex. 469; *Wilson* v. *Benedict,* 90 Mo. 208, 2 S. W. 283; *Cogswell* v. *Armstrong,* 77 Ill. 139; *Prescott* v. *Tuffs,* 7 Mass. 209; *Faulkner* v. *Faulkner,* 73 Mo. 89.

Defendants' answer showed that Vina Bryan, plaintiff's grantor, was a party to those foreclosure proceedings. Then she was of course bound by the judgment. It also showed that Kales was in possession of the premises by virtue of the foreclosure proceedings, or, in other words, that he was a mortgagee in possession. Kales having become the purchaser at the sheriff sale and received the sheriff's deed therefor, the mortgage has never been satisfied otherwise than by virtue of these foreclosure proceedings. His position is that of mortgagee in possession, and until the mortgage debt has been paid, the grantee of one of the mortgagors, this plaintiff can never recover in ejectment. The true and most equitable rule is, that if the mortgagee enters into the possession of the mortgaged premises peaceably he cannot be ejected by the mortgagor until the mortgage debt is paid. *Brobst* v. *Brock,* 10 Wall. 519; *Johnson* v. *Sandhoof,* 30 Minn. 197, 14 N. W. 891; *Moulton* v. *Leighton,* 33 Fed. 143; *Phyfe* v. *Riley,* 15 Wend. 248; *Gibson* v. *Lyon,* 115 U. S. 439, 6 Sup. Ct. Rep. 129; *Miner* v. *Beekman,* 50 N. Y. 338; Jones on Mortgages, secs. 702-715; *Hennesy* v. *Farrel,* 20 Wis. 42.

Even in states where the statute is similar to our own, declaring that a mortgage shall not be deemed to be a conveyance so as to enable the mortgagee to recover possession of the premises without foreclosure and sale, it has been said that where the mortgagee enters into possession peaceably, even though it be by virtue of a *void* foreclosure sale, he cannot be ejected by the mortgagor until the debt is *first paid.* *Cook* v. *Cooper,* 18 Or. 142, 22 Pac. 945. "This view of the law in no manner interferes with the just rights of the mortgagor, and at the same time does not sacrifice the interests of the mortgagee to the merest technicalities of the law which has

sometimes been permitted to prevail and the mortgagee turned out of possession, stripped both of his property and his mortgage debt as well."

How forcibly does this language apply to the case at bar! The mortgage debt remains unpaid. The grantee of the mortgagor says he will not pay it, and that he cannot be compelled to pay it because it is barred by the statute of limitation; he nevertheless demands the possession of the mortgaged premises, taking away from the mortgagee his debt and his security, basing his right so to do only on a technicality of the law, to wit, "Because a man cannot sue himself."

Courts look to the substantial rights of the parties for the purpose of determining the remedy to which they are entitled, irrespective of the form of the complaint under which the remedy is sought. Whenever a mortgagor seeks a remedy against his mortgagee, which appears to the court to be inequitable, whether it be to cancel the mortgage as a cloud on his title or to enjoin a sale under the power given by him in the security, or to recover from the mortgagee the possession of the mortgaged premises, the court will deny him the relief he seeks, except upon the condition that he should do that which is consonant with equity. *Spect* v. *Spect,* 88 Cal. 443, 22 Am. St. Rep. 314, 26 Pac. 203.

Appellant has not done that which is "consonant with equity,"—that is, to pay the mortgage debt,—but, on the contrary, strenuously maintains that he cannot be compelled to do so; so the lower court very properly said he could not recover.

WELLS, J.—This is an action in ejectment brought in the district court of the second (now third) judicial district of Arizona territory on the eleventh day of July, 1887, by T. J. Bryan against D. H. Pinney, Mary E. Pinney, M. H. Sherman, George H. Mitchell, George W. Mauk, and the Bank of Napa, a corporation, to recover block No. 98, situate in the city of Phœnix, in Maricopa County, this territory. The property in question belonged to one J. M. Bryan, who died intestate August 29, 1883, leaving, as sole heir at law, Vina Bryan, his widow, who subsequently married R. D. Brown. She is hereafter referred to as Vina Brown. Plaintiff alleges ownership,

deraigning title from J. M. Bryan, through his estate, by
conveyance from said Vina Bryan or Brown. Defendants
plead not guilty, and, further, base their defense upon an
equitable estoppel. The cause was tried by the court, sitting
without a jury, on the eighth day of July, 1890, and on the
first day of December, 1890, the court rendered judgment in
favor of defendants, from which, and the order denying him
a new trial, plaintiff appeals. It appears that said J. M.
Bryan was indebted to one M. W. Kales, which indebtedness
was evidenced by a promissory note made by said Bryan on
the fourteenth day of March, 1883, for the sum of five hun-
dred dollars, payable on the fourteenth day of September,
1883, with interest at the rate of one and one half per cent per
month, to secure the payment of which note said Bryan on
said fourteenth day of March, 1883, made and delivered to
said Kales a certain mortgage, conveying said block No. 98.
To enforce the payment of the note and mortgage, Kales, on
the twenty-eighth day of September, 1883, brought a fore-
closure suit in the district court of the said second judicial
district of this territory, in and for the county of Maricopa.
Judgment and decree were rendered by the court on 'the six-
teenth day of October, 1883, decreeing a foreclosure of the
said mortgage, and a sale of the property conveyed by said
mortgage to satisfy the judgment, for $529.37. The property
was sold at public sale, under said decree, on the fifteenth day
of December, 1883, and said Kales became the purchaser at
said sale for the sum of six hundred dollars. A sheriff's
certificate of sale was, upon the completion of said sale,
given to said purchaser, who on the thirty-first day of Janu-
ary, 1884, sold and assigned said certificate to the defendant
D. H. Pinney, in consideration of the sum of six hundred and
fifty dollars. There being no redemption of the property, a
sheriff's deed was executed and delivered to said Pinney on
the sixteenth day of June, 1884, who went into possession of
the property, and has ever since, by himself and his grantees,
been in such possession. Subsequent to the making of said
sheriff's deed, Pinney conveyed portions of said property to
the other defendants in this cause. It further appears that
on the twenty-fourth day of September, 1883, said Kales was
appointed administrator of said Bryan's estate, and acted

as such until December 6, 1884, when the estate was settled and closed, and the administrator discharged. No distribution of block 98 was made in the administration of the estate. In the foreclosure suit Kales was plaintiff, and also, as administrator of Bryan's estate, was defendant. Plaintiff here assails the judgment and decree of foreclosure, and the proceedings had thereunder, in the former suit.

In determining the rights of the parties in this action, we deem it unnecessary to pass upon the question of the validity of the judgment and decree in the foreclosure suit, or to consider it, beyond where, in connection with the facts appearing in proof, the rights contended for by the defendants were developed. The record shows the following facts to have existed: M. W. Kales was appointed administrator of J. M. Bryan's estate at the suggestion of Vina Brown, the widow of said deceased, Bryan. At the time of the foreclosure sale of block 98,—the property in question,—and for a long time afterwards, she lived across the street from said land, and while defendant D. H. Pinney was in the possession thereof, and erecting improvements and paying taxes thereon. After the foreclosure sale she informed one Mrs. Cotton of her desire and intention to redeem the land, and afterwards declined to do so. Before the time of redemption had expired she (Vina Brown) signed a paper for the purpose of allowing the plaintiff in this action to redeem the property. On the day of the foreclosure sale the plaintiff was present in the town of Phœnix, where the land is situate, for the purpose of bidding on some of the property sold, but arrived too late. He afterwards tried to redeem the property in question. After the sale Mrs. Brown informed Mrs. Cotton that she was going to redeem block 98, but; when informed that defendant Pinney was about to buy it, she said she was glad of it, and did not want to redeem it. This declaration, however, was not communicated to said Pinney. Between the time of the purchase of block 98 by said Pinney, and the date of the commencement of this action, he expended the sum of four hundred dollars in the payment of taxes, and the further sum of four thousand eight hundred dollars in improvements on the premises. The property was sold at the foreclosure sale for its full value. The note and mortgage executed by Bryan to Kales, and the

indebtedness secured thereby, have not been paid, unless they have been paid or satisfied by virtue of said sale.

From this recital of facts, it seems quite satisfactory to us that Mrs. Vina Brown and the plaintiff had knowledge, and must be presumed to have known, of the proceedings of the probate court during the probate of her husband's estate, and of the proceedings in the foreclosure suit, including the sale of the property under the decree, the purchase by defendant Pinney, and his going into the possession of the property sold, paying taxes, and making valuable improvements thereon. On July 11, 1887, three years after the making of the sheriff's deed, this action was brought to divest the defendants of a possession which they held under an apparent title acquired in good faith, by what they supposed to be a valid judicial sale, under the sanction of a court of general jurisdiction,— as we think, a possession, owing to the line of conduct of both Mrs. Brown and the plaintiff, with their knowledge, acquiescence, and consent,—during which possession valuable and lasting improvements were made by defendant Pinney. In the case of *Dickerson* v. *Colgrove,* 100 U. S. 580, upon the subject of equitable estoppel, or estoppel *in pais,* the court says: "The law on the subject is well settled. The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. This remedy is always so applied as to promote the ends of justice." And in *Daniels* v. *Tearney,* 102 U. S. 420: "The principle of estoppel has its foundation in a wise and salutary policy. It is a means of repose. It promotes fair dealing. It cannot be made an instrument of wrong or oppression, and it often gives triumph to right and justice where nothing else known to our jurisprudence can, by its operation, secure those ends. Like the statute of limitations, it is a conservator, and without it society could not well go on." In *Wendell* v. *Van Ransselaer,* 1 Johns. Ch. 344, approved in *Kirk* v. *Hamilton,* 102 U. S. 76, the court uses the following language: "There is no principle better established in this court, nor one founded on more solid considera-

tions of equity and public utility, than that which declares that if one man knowingly, though he does it passively by looking on, suffers another to purchase and expend money on land under an erroneous opinion of title, without making known his own claim, he shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel.'' The decree under which the sale was made may have been a nullity, likewise the sale, and plaintiff and Mrs. Brown, knowing that the claim of defendants to the property rested upon that sale, for three years stood by and remained silent while defendants expended large sums of money in the paying of taxes and making of improvements on the land. They, in effect, disclaimed title in themselves. In *Evans* v. *Snyder,* 64 Mo. 516, approved in *Dickerson* v. *Colgrove,* 100 U. S. 580, the heirs assailed an administrator's sale. No order of sale could be found. This was held to be a fatal defect. But the supreme court of that state held that where they stood silently by for years, while the occupant was making valuable and lasting improvements on the property, and redeeming it from the lien of the ancestor's debts, they would be estopped from afterwards asserting their claim. We see no reason why the defendants may not, under the circumstances disclosed in this action, avail themselves of the doctrine of equitable estoppel in their defense.

Furthermore, in the original case there was an attempted foreclosure, followed by the sale of the mortgaged property. Kales bid the property in for the mortgage debt. Pinney, in good faith and for value, purchased and took an assignment of the certificate of sale. He thereby became the assignee of the mortgage debt, if there was no valid sale of the property under the foreclosure. *Miner* v. *Beekman,* 50 N. Y. 337.; *Robinson* v. *Ryan,* 25 N. Y. 320; *Jackson* v. *Bowen,* 7 Cow. 13; *Cook* v. *Cooper,* 18 Or. 142, 17 Am. St. Rep. 709, 22 Pac. 945. If the decree in the original case was a nullity, the mortgage was not foreclosed. It remained in full force and unsatisfied, and the defendants entering peaceably and in good faith, upon receiving the sheriff's deed for the property, and Mrs. Brown and plaintiff having knowledge of such possession and acquiescing therein at the time Pinney made the

improvements on the land, we think such possession a lawful one, and are of the opinion that the defendant's relation to the property was that of a mortgagee in possession after condition broken, and they should be protected in their possession. *Jackson* v. *Minkler*, 10 Johns. 479; *Phyfe* v. *Riley*, 15 Wend. 248, 30 Am. Dec. 58; *Van Duyne* v. *Thayre*, 14 Wend. 233; *Cook* v. *Cooper*, 18 Or. 142, 17 Am. St. Rep. 709, 22 Pac. 945. We are of the opinion that the plaintiff is not entitled to disturb the possession of the defendants. The judgment of the lower court is affirmed.

Gooding, C. J., concurs.

SLOAN, J.—I concur in the views of this court as expressed in the foregoing opinion, not only in holding that the facts show an estoppel *in pais,* but also in holding that, assuming the judgment in the foreclosure suit of *Kales* v. *Kales, Admr.,* to be void upon its face, all the facts would then exist in this, constituting appellees mortgagees in possession after condition broken. I am, however, of the opinion that the judgment in the suit of *Kales* v. *Kales, Admr.,* is not open to attack in this action, for the reason stated in *Bryan* v. *Kales, post,* p. 425, 31 Pac. 517, (decided at this term,) wherein precisely the same point was presented.