Argued 10 April, decided 28 May, 1907.

**LAMBERT *v.* HOWARD.**

90 Pac. 150.

FACTS SHOWING A MORTGAGEE IN POSSESSION—DUTY OF MORTGAGOR TO PAY MORTGAGE BEFORE RECOVERING POSSESSION.

1. Plaintiff mortgaged the property in controversy for its full value, and soon after moved from the state without paying any portion of the mortgage debt. She thereafter returned and occupied the premises with the mortgagee's consent for a short time, when she borrowed more money from the mortgagee and directed him to take possession in payment of the mortgage and the money so borrowed, which he did; thereafter paying taxes on the property, repairing fences, etc., and subsequently conveying to defendant. *Held,* that the mortgagee and defendant were mortgagees in possession, and that plaintiff, the mortgagor, was therefore not entitled to recover the property without paying the mortgage.

RIGHTS OF MORTGAGEE IN POSSESSION.

2. Although under Section 336, B. & C. Comp., a mortgagee cannot obtain possession of the mortgaged land by any legal proceeding except a foreclosure and sale, yet, once he has possession peaceably, he may retain it against the mortgagor until the mortgage debt has been paid.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a suit by Mary J. Lambert against Della Howard to determine an adverse claim to real property. The plaintiff alleges that the land in controversy is unoccupied, that she is owner in fee thereof, and that defendant claims some estate or interest therein adverse to her, but that such claim is without right or validity, and prays that defendant be required to set forth the nature of her claim, etc. The defendant denies each and every material allegation of the complaint, and for an affirmative defense, alleges that on June 14, 1892, the plaintiff, being the owner of the premises in controversy, mortgaged the same to one Wm. Irwin to secure the payment of the sum of $223.50 and interest; that thereafter plaintiff, without paying any part of the debt, removed from the state, and, before doing so, directed Irwin to assume possession of the mortgaged premises in payment of her debt; that accordingly Irwin went into possession about September 1, 1893, and so continued, under a claim of ownership, until February 28, 1902, when he sold and conveyed by warranty deed to defendant, who immediately went into possession, claiming to be the owner, and has ever since remained in possession; that plaintiff has not been seised or possessed of the property for more than 10 years prior to the commencement of this suit. The answer also sets up title through an alleged sale for delinquent taxes, but as such title is not relied upon by the defendant it need not further be alluded to. The averments of the answer were put in issue by the reply, and a trial had, resulting in a decree dismissing the suit on the ground that defendant is in the position of a mortgagee in possession and entitled to retain such possession until the mortgage debt is paid. From this decree plaintiff appeals.                    AFFIRMED.

For plaintiff there was a brief over the names of *John Andrew Buchanan* and *R. W. Marsters,* with an oral argument by *Mr. Buchanan.*

For defendant there was a brief over the names of *C. L. Hamilton* and *James Corwin Fullerton,* with an oral argument by *Mr. Fullerton.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The decree, in our opinion, must be affirmed. On the pleadings and evidence the plaintiff has no standing in a court of equity and is not entitled to equitable relief. The record discloses that in 1892 she mortgaged the property in controversy to Wm. Irwin for its full value, and soon thereafter, without paying the mortgage or any part thereof, removed from the state, and has never since been in possession of the premises or exercised any dominion or control over them, except for a short time during the year 1896, when she occupied them by the consent of Irwin. The property was of but little value, unproductive and practically wild land, and it is undisputed that in 1893 Irwin assumed control and thereafter exercised actual dominion over it, repaired the fences, paid the taxes, and was the reputed owner until he sold and conveyed it to the defendant in 1902. The plaintiff claims that his possession was without her consent, but the weight of the testimony and the entire circumstances of the case are against her on that point. Irwin testified positively and unequivocally that just before she left she borrowed of him $40, and directed him to take possession of the property in payment of the mortgage and the money so borrowed; and all his subsequent conduct is consistent with that theory. It is true the property was in possession of a tenant when plaintiff left the state, but the rent was to be paid to Irwin, and, when the lease expired, the tenant contracted with Irwin for a renewal thereof. Irwin never actually resided upon the property, and during much of the time he claimed to be in possession it was unoccupied, but he had continuous dominion over it, manifested by sundry acts of ownership, as renting it when he

could do so, paying the taxes, keeping the fences in repair and the like. This was sufficient to make him and his grantee mort-gagees in possession (*Costello* v. *Edson*, 44 Minn. 135 : 46 N. W. 299; *Coleman* v. *Billings*, 89 Ill. 183; *Webber* v. *Clarke*, 74 Cal. 11: 15 Pac. 431; *Ford* v. *Wilson*, 35 Miss. 490: 72 Am. Dec. 137), and the plaintiff is not entitled to relief in equity as against them without first doing equity herself by paying the mortgage.

2. While under our law a mortgagee cannot recover possession of the mortgaged premises without a foreclosure and sale accord-ing to law (B. & C. Comp. § 336), yet, if he obtains possession after condition broken, either by the assent of the mortgagor or by means of legal proceedings, he and his grantees may retain such possession as against the mortgagor until the amount due on the mortgage has been paid: *Roberts* v. *Sutherlin*, 4 Or. 219; *Cooke* v. *Cooper*, 18 Or. 142 (22 Pac. 945: 7 L. R. A. 273: 17 Am. St. Rep. 709).

Decree affirmed.                                      AFFIRMED.