[Civil No. 3131.  Filed April 9, 1932.]

[9 Pac. (2d) 1014.]

MARICOPA LAUNDRY COMPANY, a Corporation, Appellant, v. J. E. LEVANDOSKI and MARGARET L. LEVANDOSKI, Husband and Wife, Appellees.

Messrs. Marks & Marks, for Appellant.

Mr. V. L. Hash, for Appellees.

LOCKWOOD, J.—Maricopa Laundry Company, a corporation, hereinafter called plaintiff, brought suit against J. E. Levandoski and Margaret L. Levandoski, his wife, hereinafter called defendants, to enforce specific performance of an option of sale contained in a lease given by defendant J. E. Levandoski to plaintiff. Defendants demurred to the complaint on the ground that it failed to state a cause of action, which demurrer was sustained, and plaintiff declining to amend, the complaint was dismissed, and this action of the lower court is before us for review.

There is but one question involved in the appeal, and that is whether the complaint stated a cause of action. There are a number of points in which defendants insist it was fatally defective, but we think we need consider only one of these. The complaint, after the usual formal matters, alleges that plaintiff and defendant J. E. Levandoski entered into a certain written agreement of lease of lots 13, 14, 15 and 16 of block 43, Montgomery addition to the city of Phoenix. The lease was for the period of five years, and in addition to the usual features found in such a document, contained the following clause:

"Parties of the second part has the right to buy this property at any time during the life of this lease at a cost of $7000.00—If any improvements are made in streets—allys or ditches same to be added to cost of same and paid by parties of the second part. If parties of second part should buy property then this lease is cancelled."

The complaint then sets up that plaintiff, within the time set forth in the lease, offered to purchase

the property, but that defendants refused to convey, and continues as follows:

"Plaintiff further alleges that it has erected valuable improvements on said premises with the knowledge and consent of the defendants, and has paid all taxes on all of said improvements as they were required to do by said defendants;

"Plaintiff further alleges in this behalf that said real estate belongs to the community composed of the defendants herein as husband and wife, that said defendant, Margaret L. Levandoski, has at all times known of the agreement between plaintiff and her husband, J. E. Levandoski, and she has accepted the benefits and fruits thereof, and she is now estopped from declining to join in a deed to plaintiff in accordance with said option. . . . "

It appears from the complaint that the property leased was the community real estate of the two defendants, but that the lease was signed only by the husband. Under the provisions of paragraph 2061, Revised Statutes of 1913 (Civil Code), in force when the lease in question was executed, such a lease is invalid. *Hood* v. *Fletcher,* 31 Ariz. 456, 254 Pac. 223. This general rule is not denied by plaintiff, but it contends that under the allegations of the complaint above set forth the defendants are estopped from raising the question.

We have had the question of the nature and extent of the doctrine of estoppel as against the assertion of the invalidity of an encumbrance of community realty not signed by the wife before us in the two comparatively recent cases of *Hall* v. *Weatherford,* 32 Ariz. 370, 56 A. L. R. 903, 259 Pac. 282, and *Rundle* v. *Winters,* 38 Ariz. 239, 298 Pac. 929. In the first cited case we said:

"We hold that when property rights are concerned the same rule of estoppel applies to a woman as to a man; to the wife as to the husband; to a part-

ner in the marriage relation as to a partner in any other relation of life.''

In the case of *Bryan* v. *Pinney,* 3 Ariz. 412, 31 Pac. 548, in discussing the elements of estoppel, we have adopted the language of *Dickerson* v. *Colgrove,* 100 U. S. 580, 25 L. Ed. 618, as follows:

''The law upon the subject is well settled. The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. This remedy is always so applied as to promote the ends of justice.''

And also that of *Wendell's Exrs.* v. *Van Rensselaer,* 1 Johns. Ch. (N. Y.) 344, which reads:

''There is no principle better established in this court, nor one founded on more solid considerations of equity and public utility, than that which declares that if one man, knowingly, though he does it passively, by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted to exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel.''

Tested by these standards, does the complaint set up an estoppel as against the defendants? We are of the opinion that it falls far short of doing so. The vital principle of estoppel is that the one estopped has by his language or conduct led another to do what he would not otherwise have done. The allegations of the complaint are merely that defendant Margaret L. Levandoski knew of the lease and accepted the benefits thereof. Following the rule that on demurrer, when a pleading is susceptible of

two meanings, it is construed most strongly against the pleader, it cannot be concluded therefrom that defendant Margaret L. Levandoski did anything, either through active or passive conduct, which misled plaintiff to its injury. According to its own allegation, we must presume it knew the property to be community. In that case it was bound to know as a matter of law that the signature of defendant J. E. Levandoski to the lease conveyed no rights whatever as against the interest of either himself or his wife in the realty without her signature also. *Rundle* v. *Winters, supra.*

The facts in the case of *Hall* v. *Weatherford, supra,* are very different indeed from those set up in the complaint herein. In that case it appeared from the evidence that the wife knew in advance that the instrument was about to be executed; that she was present when its terms were discussed, and when it was signed; that she had talked the matter over with her husband and during all of these times made no protest, either to him or to the lessee, and that she knew before the improvements were made on the premises that the lessee was about to make them, relying on the lease. A mere comparison of the allegations of the complaint in this case and the facts just set forth shows the difference.

Since the lease created no right in plaintiff as against the interest of either of the defendants in the land in question, and since the complaint did not set up facts sufficient to constitute an estoppel, the trial court properly sustained the demurrer. The judgment of the superior court of Maricopa county is affirmed.

McALISTER, C. J., and ROSS, J., concur.